United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-30580
Summary Calendar
_____

JOHN E. MCINTOSH, JR.,

                                        Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-1020

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Appellant McIntosh claims error in the Commissioner's denial of Social Security disability insurance benefits and supplemental security income based on the finding that McIntosh is "not disabled." McIntosh argues specifically that the ALJ failed to consider record evidence that McIntosh suffers from either an "organic mental disorder" (Listing 12.02) or "chronic affective disorder" (Listing 12.04), either of which would qualify him for benefits and supplemental income.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, we review the record for substantial evidence supporting the finding that McIntosh is "not disabled." Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). After reviewing the record, we affirm for the reasons articulated by the District Court, namely:

1.  McIntosh did not meet the threshold requirement of Listing 12.02 that the claimant show a medically documented history of a chronic organic mental disorder. As the District Court wrote, the record evidence at best suggests the mere possibility of such a disorder; it is far from demonstrative of one.

2.  Assuming McIntosh met the threshold requirement for either or both Listing 12.02 and Listing 12.04, he has failed to satisfy any of the three additional criteria.

    a.  McIntosh has not proved "repeated episodes of decompensation, each of extended duration." The District Court correctly held that the personality conflicts that occasionally led to McIntosh's job losses do not rise to the level of a loss of adaptive functioning sufficient to constitute an episode of decompensation.

    b.  McIntosh has not proved "a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the

individual to decompensate." Evaluations suggesting that McIntosh is better suited to independent rather than group work are insufficient to meet this demanding standard.

c. McIntosh has not proved a "current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement." The District Court correctly noted that McIntosh, despite living with his parents, "appears to have taken care of almost all of his personal needs and made substantial contributions to the household without a high degree of supervision."

AFFIRMED.